OPINION CONCURRING IN RESULT
Zel M. Fischer, Judge
I concur with the result reached in the principal opinion, but would overrule the *801 court of appeals’ decision in Leeper v. Asmus, 440 S.W.3d 478 (Mo.App. 2014), and continue to apply the “something more” test consistent with its well-established meaning in this Court. That is, “[a]n employee may sue a fellow employee only for affirmative negligent acts outside the scope of an employer’s responsibility to provide a safe : workplace.” Piatt v. Indiana Lumbermen’s Mut. Ins. Co., 461 S.W.3d 788, 794 (Mo. banc 2015) (internal quotations omitted) (emphasis added). However; as - recognized by the principal opinion, its'holding relevant to the “something more” test is limited to a finite number of cases as it' applies only to cases arising prior to the 2012 amendment to § 287.120.1, an amendment that effectively codified the “something more” test as previously applied by this Court. -Because § 287.120.1 governs co-employee liability cases now and going forward, I decline to fully expound upon the differences I have with the principal opinion. ■